[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this action, petitioner seeks a writ of habeas corpus alleging that he has been denied credit for time spent in confinement while unable to obtain bail as provided by Connecticut General Statutes § 18-98d. It is petitioner's claim that he was denied jail credit for 151 days pretrial confinement in connection with matters pending in G.A. 15 in New Britain and 144 days jail credit for a matter at G.A. 11 in Danielson. Petition granted with respect to the matter at G.A. 11 Danielson.
The evidence indicates that petitioner was arrested on September 1, 1998 and brought before the court at G.A. 15. A $50,000 bond was set on CT Page 1167 the charge and petitioner was incarcerated unable to make bond. In Docket Number CR98-175942, on January 29, 1999, petitioner was sentenced to a two and a-half year term of imprisonment for a violation of Connecticut General Statutes § 21a-277a committed on May 16, 1998. This was not the offense for which he was incarcerated on September 1, 1998. Respondent allowed petitioner no credit for pretrial confinement on this sentence.
On September 9, 1999, petitioner was sentenced to two concurrent one-year sentences for violation of Connecticut General Statutes §21a-279 (a) and § 53a-172 in G.A. 12, Manchester. These sentences were to be served concurrently with the previous sentence imposed. Petitioner was awarded 129 days jail credit towards this sentence.
Since petitioner was not held on a mittimus unable to make bond on Docket Number CR98-175942, he was not entitled to jail credit with the sentence imposed on January 29, 1999. He did receive jail credit for the sentence imposed on September 29, 1999 in G.A. 12. Since these sentences were to be served concurrent to the two and a-half year sentenced imposed in New Britain, he received no practical benefit from the jail credit since the two and a-half year sentence is the controlling sentence.
On May 24, 1999, while he was serving the above sentence, petitioner was arrested for a violation of probation and brought before the court at G.A. 11, Danielson, and a bond was set.
Petitioner was sentenced to a term of three and a-half years for this violation of probation on October 15, 1999. This sentence was to be served concurrent to the previous sentences.
Petitioner testified that prior to entering his plea, he discussed the matter with his attorney and agreed to admit the violation only if he received credit for time served from the date of service of the warrant in May to the date of his sentencing on October 15, 1999.
In open court, the state's attorney recited the facts of the plea agreement and indicated an agreed concurrent sentence of 3 1/2 years.
Petitioner's attorney agreed but added "my client would ask, however, that the mittimus be so worded as to grant him credit for the time served from the time he was served with the arrest warrant application, which he said was sometime in May of this year." The state's attorney replied that the court can only indicate on the mit that he is entitled to whatever time the commissioner allows him. This is not correct.
The mittimus which resulted from the finding of violation stated: CT Page 1168 "defendant to be given pretrial credit for whatever he is entitled to." Since petitioner was not entitled to any credit for pretrial confinement under the provision of Connecticut General Statutes § 18-98d (a)(2) he received no credit.
While the commissioner correctly applied the law to the sentence imposed, such sentence was not in accordance with the plea agreement with petitioner's understanding of the sentence that he would receive.
The writ of habeas corpus holds an honored position in our jurisprudence as a Bulwark against convictions that violate fundamental fairness. Gaines v. Manson, 194 Conn. 510, 516 (1984). Here, the sentence imposed was not in accordance with the plea agreement. The plea was, therefore, involuntary. Connecticut General Statutes § 52-470 (a) requires the court in such situations to dispose of the case as law and justice require. Summerville v. Warden, 229 Conn. 397, 415 (1994).
Accordingly, the writ of habeas corpus is granted the finding of violation of probation is vacated and the case is returned to the criminal docket for further proceedings.
________________________________________ Joseph J. Purtill, Judge Trial Referee